IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION, KNOXVILLE

FILED

2007 MAY 15 P 3: 17

ROBERT REAGAN,
    Plaintiff,

vs.

CITY OF KNOXVILLE; SAM ANDERSON,
Sr. Director of Community and Neighborhood
Services, in his official capacity as agent for
the City of Knoxville; BOB WHETSEL,
Director of Public Service Department, in his
official capacity as agent of the City of Knoxville;
VICKI HATFIELD, Civil Service Director, in her
Official capacity as agent of the City of Knoxville,
KNOXVILLE POLICE DEPARTMENT, as
Investigative Agent for the City of Knoxville;
LT. RICK FERGUSON, in his official capacity as
Investigative agent of the City of Knoxville;
GARY ANDERS, in his official capacity as
Investigative Agent of the City of Knoxville,
JIM MILLER, individually and as employee
Of City of Knoxville; GREG LADD, individually
And as employee of City of Knoxville; JASON
MCCARTER, individually and as employee of
City of Knoxville,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3:07-CV-189

**Twelve Person** Phillips/Shirley
**Jury Demanded**

## COMPLAINT

COMES now, the Plaintiff, Robert Reagan (hereinafter "Plaintiff" or "Robert

Reagan", and files this civil action regarding his causes of action under federal law,

State of Tennessee statutory law, and the common law of the State of Tennessee,

against the above-named Defendants captioned herein. In support of this civil action,

Robert Reagan alleges as follows:

## I. PARTIES

1.    Robert Reagan is a citizen and resident of Knox County and is currently

an employee of the City of Knoxville, Community and Neighborhood Services, Department of Public Service, Horticulture Division.  He is an honorably discharged Army veteran.

2. Defendant **CITY OF KNOXVILLE**, is a municipality, duly constituted pursuant to the laws of the State of Tennessee, physically situated within the territory and jurisdiction of this Honorable Court.

3. Defendant **CITY OF KNOXVILLE**, through its agent Bill Haslam, Mayor, can be served with service of process at 400 Main Street, Knoxville, Tennessee  37902.

4. Defendant **SAM ANDERSON**, Senior Director of Community and Neighborhood Services as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee  37902.

5. Defendant **BOB WHETSEL**, Director of Public Service Department, as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee  37902.

6. Defendant **VICKI HATFIELD**, Civil Service Director, as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee  37902.

7. Defendant **KNOXVILLE POLICE DEPARTMENT**, as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee  37902.

8. Defendant **LT. RICK FERGUSON**, as investigative agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville,

2

Tennessee 37902.

9. Defendant **GARY ANDERS**, as investigative agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee 37902.

10. Defendant **JIM MILLER**, individually and as agent for the City of Knoxville can be served with service of process at 8005 Boling Lane, Knoxville, TN 37920.

11. Defendant **GREG LADD**, individually and as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee 37902.

12. Defendant **JASON MCCARTER**, individually and as agent for the City of Knoxville can be served with service of process at 400 Main Street, Knoxville, Tennessee 37902.

## II. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

13. Robert Reagan avers that this Honorable Court has original subject matter jurisdiction of this civil action based upon a federal question pursuant to 42 U.S.C. 2000(e) generally known as the Civil Rights Act of 1964, as amended. Further, Robert Reagan avers that this Honorable Court has supplemental jurisdiction over Plaintiff's state law claims, both statutory claims and State of Tennessee common law claims, pursuant to 20 U.S.C. 1367(a).

14. Plaintiff avers that all parties are citizens and residents within the jurisdictional territory of this Honorable Court and all acts and/or omissions alleged herein occurred within the same territory, thus, making venue proper.

## III. GENERAL FACTS AND ALLEGATIONS

15. The Plaintiff, Robert Reagan, came to be employed with Defendant City of

3

Knoxville on or about March 9, 2006, as an Equipment Operator I with the Horticulture Division of the City of Knoxville. Defendants Sam Anderson, Bob Whetsel, Greg Ladd, Jason McCarter and others have or had supervisory authority over Plaintiff, Robert Reagan, during his employment and at all times relevant to the subject matter of this civil action.

16. At all times hereto, all Defendants were agents and employees of the City of Knoxville and every other Defendant in that all Defendants were operating within a common scheme, plan, conspiracy, purpose or joint venture to violate the civil rights of Robert Reagan, the federal and State of Tennessee statutory rights of Robert Reagan, the common law rights of Robert Reagan, and commit other intentional torts against Robert Reagan proximately causing personal injuries and damages to him as set forth herein.

17. At the time of Robert Reagan's employment and the acts and/or omissions of the Defendants, Defendants were bound by and operating under Title VII of the Civil Rights Act of 1964; the Tennessee Human Rights Act; and the common law of the State of Tennessee.

18. At all times material hereto, it was a stated policy, responsibility, and duty of the Defendants that they would provide a work environment that was free from discrimination; had a strict policy prohibiting workplace harassment of a sexual nature or any other harassment based on a protected class; and defined sexual harassment as creating an intimidating, hostile or offensive work environment, and further defined sexual harassment as making any unwelcomed, sexual advances or request for sexual favors or other physical or verbal conduct of a sexual nature, a condition of an

4

employee's terms, conditions and/or privileges of continued employment or creating an intimidating, hostile or offensive work environment by such conduct based upon sex and/or gender.

Further, Defendants had a duty, responsibility, and policy that every director, supervisor, and employee had the responsibility of maintaining a workplace free from any form of discrimination and/or sexual harassment. Plaintiff Robert Reagan avers that this duty, responsibility, and policy of the Defendants made each Defendant and every employee of Defendant City of Knoxville, an agent of all Defendants. Thereby, any knowledge or notice of discrimination and/or harassment by any such agent should be deemed notice to and upon all Defendants, making all Defendants legally responsible for the same.

19. The Defendants further defined discrimination and/or sexual harassment in the form of hostile environment to include regular and repeated actions and verbalizations that unreasonably interfere with an employee's ability to do work or which create an intimidating, hostile or offensive work environment. The Plaintiff avers that the Defendants set forth this policy and assumed these duties pursuant to Section 1.06 of the City of Knoxville Administrative Rules and the acts and/or omissions of the Defendants alleged herein violate federal and state anti-discrimination statutes, the common law of the state of Tennessee, the stated policy of the Defendants, and the Defendants' own administrative rules.

## IV . FACTUAL ALLEGATIONS

20. Despite the stated policies and administrative rules, and federal and state laws prohibiting the same, on or about June 7, 2006, at the parking lot at the Lorraine

5

Street facility of the Defendants, Defendant and co-employee, Jim Miller (hereinafter "Defendant Miller"), attacked Plaintiff, Robert Reagan, from behind.  Defendant Miller's attack focused on the Plaintiff due to his gender, and Defendant Miller consequently, and as a result of hostility toward the Plaintiff's male gender, kneed Robert Reagan in his male genitals, causing Robert Reagan great pain, discomfort, injury, and harm in front of other employees.

21.    On June 8, 2006, at the 3rd Creek Pathway, again Defendant Miller, attacked Plaintiff from behind, focused his attack based on Robert Reagan's gender, and kneed Robert Reagan in his male genitals causing him additional pain, discomfort, injury, and harm in front of other employees.

Further, at that time, Defendant Miller embarrassed, humiliated, teased, and dominated the Plaintiff by taunting him and saying "am I hurting you" and getting other employees of the Defendants' work crew to say the same, thereby embarrassing Robert Reagan and humiliating Robert Reagan's dignity in violation of the above-stated federal and state statutes, common law of the State of Tennessee, and policies of the Defendants.

22.    On or about June 13, 2006, at the location of the Defendants known as Safety City, Defendant Miller came up behind the Plaintiff, Robert Reagan, pinned him against a truck and proceeded to "hump him" in a sexual manner against the truck because of his gender, causing him great pain, embarrassment, humiliation, desecration of his personal dignity, and injury.

Immediately after the incident, on June 13, 2006, the Plaintiff called his foreman, Defendant Greg Ladd (hereinafter "Defendant Ladd").  When Defendant Ladd arrived at

6

the work site, Plaintiff Robert Reagan told him he had been sexually assaulted by Defendant Miller, was hurt, and needed to go to medical services. Further, Defendant Ladd, called Plaintiff Robert Reagan's crew leader, Jason McCarter (hereinafter "Defendant McCarter"), and asked him if he had witnessed what had happened. Rather than fulfilling their obligations and responsibilities pursuant to the laws, statutes, and administrative rules and policies set forth above, Defendant McCarter, called Plaintiff Robert Reagan "the biggest fuck up ever," and a "worthless piece of shit." Further, after the conversation with Defendant McCarter, Defendant Ladd, drove Plaintiff, Robert Reagan, to medical services. In the vehicle on the way to the facility, Defendant Ladd intimidated Plaintiff Robert Reagan. Defendant Ladd insisted and instructed Plaintiff, Robert Reagan, that he should falsify an Accident and Injury Report to falsely state that he had fallen on a culvert instead of being hurt by Defendant Miller. The acts and/or omissions by Defendants Miller, Ladd, and McCarter were discriminatory based on Robert Reagan's gender. Defendant Ladd's and Defendant McCarter's actions and/or omissions deprived Robert Reagan of appropriate remedies and procedures to address discrimination, harassment, and personal injury, and was illegally motivated out of concern for Defendant Ladd's own job and out of concern for the job of Defendant Miller. Defendant Ladd further stated that if the Plaintiff, Robert Reagan, told the truth, that both Plaintiff, Robert Reagan, and Defendant Miller, would be fired because of horseplay because they were both on probation. At no time, did crew leader, Defendant McCarter, and supervisor, Defendant Ladd, mention any rights, privileges, protections or procedures available to Plaintiff Robert Reagan pursuant to the federal and state statutes, the Tennessee common law, stated policies of the Defendants or

7

administrative rules of the Defendant stated above.

Out of fear for his job, Plaintiff, Robert Reagan, falsified a report to a physician and told him that he had been hurt in a fall.

Robert Reagan avers because of sex based upon his gender these attacks by Defendant Miller were of a sexual nature that resulted in disadvantageous terms, conditions or privileges of employment and proximately caused additional harm, injuries, and damages. Plaintiff Robert Reagan avers these acts and/or omissions of Defendants had negative tangible employment consequences by subjecting Robert Reagan to continuing multiple incidents of discrimination, sexual harassment, physical injury, emotional harm, anguish, embarrassment, and humiliation, and depriving him of remedies and procedures to address the same by supervisors and co-workers who were agents of Defendants.

Subsequent to this, Plaintiff, Robert Reagan, continued to endure harassment, humiliation, intimidation, and violation of the statutes, rules, and policies and procedures of the Defendants, until June 20, 2006, when having no where to turn, he contacted Defendant Vicki Hatfield (hereinafter "Defendant Hatfield"), Civil Service Director for the City of Knoxville, agent of all Defendants.

At that time, a formal investigation of the Defendants Jim Miller, Jason McCarter, and Greg Ladd was initiated. Initially, all these Defendants overtly denied any of the allegations of Plaintiff Robert Reagan. However, a point in time when all were faced with the requirement of taking a polygraph, all three Defendants confessed to their violations and wrongs committed against Plaintiff, Robert Reagan, as recited in the preceding paragraphs of this Complaint.

8

Upon the recommendations by the Civil Service Board, Case No. 06-2492, dated August 3, 2006, a copy of which is attached hereto and incorporated by reference as Exhibit A, based upon the threat of the polygraph examination which lead to the confessions of the Defendants, the Civil Service investigation found support for all of the Plaintiff, Robert Reagan's allegations against the Defendants, specifically including that on June 13, 2006, while working at Safety City, Defendant Miller came up behind Plaintiff, Robert Reagan, pinned him against a truck and proceeded to thrust his body against him several times in a sexual manner. Plaintiff avers that despite Exhibit A, Defendants failed to take prompt and appropriate remedial actions to protect Plaintiff from discrimination, sexual harassment, harm, and injury. Further, Plaintiff avers that Exhibit A was authored by Defendant Hatfield in her agent capacity as Civil Service Director for Defendant City of Knoxville; acknowledged and accepted by Defendant Anderson and Defendant City of Knoxville via Mayor Bill Haslam and other agents of Defendants. As such, Plaintiff avers Exhibit A constitutes a party admission binding upon all Defendants for purposes of this civil action.

23. Additionally, the Civil Service investigation found that Defendants McCarter and Ladd, ignored their responsibilities under the federal and state anti-discrimination statutes, the common laws of the State of Tennessee, the administrative rules of the City of Knoxville, and stated policy of the City of Knoxville, by attempting to cover-up this situation for the wrongs committed against Plaintiff, Robert Reagan, by the acts and/or omissions of the Defendants. Plaintiff avers this ignorance and cover-up was discriminatory based on his gender.

24. Despite the fact that Defendant Miller was allegedly on probation, he was

9

allowed to resign without any adverse employment consequences. Defendants confirmed in writing to the Equal Employment Opportunity Commission ("EEOC") that Defendant Miller was allowed to resign without any adverse employment consequences with the opportunity to reapply for employment with the Defendants within six (6) months or on or after February 2007.

Further, information submitted to the EEOC by Defendants also notes that the only discipline that Defendant McCarter received was a one (1) day suspension, and that the only discipline that Defendant Ladd received was a three (3) day suspension. Neither of these Defendants received any real, meaningful monetary loss, demotion, tangible negative consequences in the terms, conditions or privileges of employment, sensitivity training or other substantive punishment with regard to these violations. Robert Reagan avers these actions and/or omissions by the Defendants fail to constitute prompt and appropriate corrective action to eliminate harassment.

Plaintiff, Robert Reagan, avers that based on his gender he continues to suffer the consequences of this discrimination, sexual harassment, and injuries, and his reporting of the same, despite hollow assurances from the Defendants that his good-faith report would be thoroughly investigated and that he would be protected from retaliation.

Plaintiff, Robert Reagan, avers that these actions, failures, and omissions by the Defendants were based on his gender and are severe and perverse, in that they subjected him to repeated physical and verbal attacks of a sexual nature, were frequent, and occurred in a span of one (1) week without any help or protection from his supervisors or co-employees, constitute a high degree of offensiveness, and

10

demonstrate a complete lack of supervisory control to the extent that the actions were either condoned or covered up by individuals at the supervisory or management level who knew of these attacks and did nothing about them.

Further, Plaintiff Robert Reagan avers that based on his gender and complaints, he has been shunned by his co-workers, that co-employees friendly to Defendant Miller as agents of the Defendants remain employed by the City of Knoxville and subjected him to cat calls and innuendos of intimidation, which has left him in constant fear of harm, harassment, and retaliation, both at work and away from work. Robert Reagan has reported this behavior by his co-workers to his supervisors but they simply told him to ignore them. Based on his gender, Robert Reagan has been subjected to this discrimination, sexual harassment and injuries, his manhood has been questioned, and co-employees as agents of the Defendants have told him to "man up and not be a pussy" about the situation.

Plaintiff, Robert Reagan avers that the acts and/or omissions of the Defendants alleged herein did not begin to promote or require compliance with federal and state anti-discrimination statutes, common law of the State of Tennessee, stated policies of the Defendants or the administrative rules of the Defendants. Defendants have taken no real action against any foremen, supervisor, employee, other persons involved in the management, and as such, there is no force to their message and no consistent or reliable enforcement so as to weed out and prevent discrimination, sexual harassment and injuries of this nature in the workplace. Plaintiff, Robert Reagan avers that this is made clearly evident by the lack of meaningful help or assistance he received from his immediate supervisors and co-employees, and any lack of real, meaningful subsequent

11

consequences for those involved which would serve as action that was reasonably likely to prevent the same type of behavior in the future. Plaintiff, Robert Reagan avers that this has promoted discrimination and sexual harassment, not freed the workplace from harassment.

Further, the Plaintiff, Robert Reagan avers that he has been retransferred back into "the lion's den" with friends of the Defendants and co-conspirators. Further, since his allegations, the Defendants have not engaged in any additional training, have not enforced any discipline, and have not taken any criminal action against the Defendants despite their ability to do so.

Plaintiff avers that all of these actions and/or omissions based on his gender have had a severe impact on his physical and mental health and that they are interfering with his eating and sleeping habits, and have him in a constant state of depression and alert for fear of constant threats, by looking over his shoulder, being followed after work, and being retaliated against.

## V. CAUSES OF ACTION

### Count I--Violation of the Civil Rights Act of 1964

25. Plaintiff re-alleges each of the preceding paragraphs as if fully stated herein. Plaintiff, Robert Reagan avers that the above allegations have created a hostile work environment of regular and repeated actions and verbalizations around the workplace that have unreasonably interfered with his ability to work and create an intimidating, hostile or offensive work environment because of sex and/or his gender in violation of the Civil Rights Act of 1964, otherwise known as Title VII, found at 42 U.S.C. 2000(e) as amended.

12

Plaintiff avers that the discrimination and harassment was motivated by sex and/or his male gender as set forth in the findings of the Defendants' own agents. Further Plaintiff avers that the Defendants', specifically Defendant Miller's actions and/or omissions express a general hostility toward men in the workplace, and as such, the Plaintiff was exposed to disadvantages of the terms, conditions, privileges of employment to which members of the female sex were not exposed. Further, Plaintiff avers no women were subjected to such or similar discrimination, harassment, injuries and/or harms in the terms, conditions and privileges of employment.

26. Plaintiff, Robert Reagan, avers that the Defendants knew or should have known that he was subject to unwelcomed sexual activity with physical and verbal conduct of a sexual nature and/or based on his male gender as a condition of his continued employment and the acts and/or omissions of the Defendants created an intimidating, hostile or offensive work environment based on sex and/or his male gender. Further, Plaintiff, Robert Reagan avers that the Defendants failed to take prompt and appropriate remedial action to do anything about the perverse and engrained discrimination, sexual harassment, injuries or harm, despite Defendants having notice of the same.

Based upon the same, Plaintiff, Robert Reagan, avers that he is entitled to compensatory damages, injunctive relief, and punitive damages based on the unlawful actions, violations, acts/or and omissions of the Defendants, including cost, expenses and reasonable attorneys fees.

## Count II--Tennessee Human Rights Act

27. Plaintiff re-alleges each of the preceding paragraphs as if fully stated herein. Based upon the supplemental jurisdiction of this Honorable Court as set forth above,

13

Plaintiff, Robert Reagan, avers that the acts and/or omissions of the Defendants constitute sexual harassment and discriminatory practices in the terms, conditions or privileges of employment, in violation of the Tennessee Human Rights Act found at Tenn. Code Ann. § 4-21-101, et seq. that prevents discriminatory actions as defined in Tenn. Code Ann. § 4-21-102, et seq. in employment based on his sex and/or gender. Robert Reagan further avers that the acts and/or omissions of the Defendants violated his personal dignity, interfered with and undermined his full productive capacity and violated his rights and privileges so as to entitle him to compensatory damages, injunctive relief, and punitive damages based on the Tennessee Human Rights Act, including costs, expenses and attorneys fees.

### Count III--Intentional Torts

28. Plaintiff re-alleges each of the preceding paragraphs as if fully stated herein. Plaintiff, Robert Reagan, further avers that he is the victim of intentional torts committed by the Defendants and that Defendants are directly or vicariously liable for the same. The Plaintiff avers that the state of Tennessee common law causes of action for intentional torts are not precluded by the rule of exclusion from the Tennessee Workers' Compensation law found at Tenn. Code Ann. § 50-6-108, in that the allegations herein show that the Defendants had an intent to injure Plaintiff, Robert Reagan, by their acts and/or omissions.

Based on the same, Plaintiff, Robert Reagan avers that Defendants' acts and/or omissions constitute assault against Robert Reagan by the Defendants as the acts and/or omissions of Defendants are an intentional attempt or the unmistakable appearance of an intentional attempt to do harm to Robert Reagan and constituted the present ability or the

14

unmistakable appearance of the present ability to do that harm; and create reasonable apprehension of immediate battery based upon the acts and/or omissions of the Defendants. Plaintiff Robert Reagan avers he is entitled to compensatory and punitive damages from Defendants proximately caused by the same.

Plaintiff, Robert Reagan avers that the acts and/or omissions of the Defendants constitute battery or intentional, harmful, and offensive physical contact with his person with the intent to commit battery without any manifestation of consent. Plaintiff Robert Reagan avers he is entitled to compensatory and punitive damages from Defendants proximately caused by the same.

Finally, Plaintiff, Robert Reagan avers that he has been the victim of intentional infliction of severe emotional distress proximately caused by the acts and/or omissions of the Defendants, which constitute extreme and outrageous conduct done intentionally and/or with a reckless disregard of the probability of causing that distress, and based upon the same, he is entitled to compensatory damages, injunctive relief, and punitive damages from Defendants.

WHEREFORE, premises considered, Plaintiff, Robert Reagan, requests the following:

A. That process issue and that service be accomplished by the United States Marshall;

B. That if service of process is not waived by the Defendants, Defendants be required to Answer this civil action within sixty (60) days pursuant to Rule 4(n) of the Federal Rules of Civil Procedure;

C. That upon the trial of this cause, the Plaintiff, Robert Reagan, be awarded

15

the sum of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages;

D.  That an injunction issue requiring the Defendants to actively train and promote the enforcement of their anti-discrimination policies so that wrongs committed against the Plaintiff will not be committed against future employees;

E.  That the Defendants be responsible for the Plaintiff's reasonable attorney's fees, costs, expenses, and other fees associated with the prosecution of this civil action pursuant to federal and state statutes to be determined by this Honorable Court;

F.  That a jury of twelve (12) persons be impaneled to try the actions herein enjoined; and

G.  For such other general, further relief that this Honorable Court deems appropriate to render the effects of the past discriminatory practices and wrongs committed by the Defendants against the Plaintiff.

Respectfully submitted this ___15___ day of May, 2007.

Ron C. Newcomb, Esq., BPR # 017500
Attorney for Plaintiff

BURROUGHS COLLINS & JABALEY, PLC
900 South Gay Street
Suite 600, Riverview Tower
P.O. Box 551
Knoxville, Tennessee  37901-0551
(865) 342-1040

16

STATE OF TENNESSEE

COUNTY OF KNOX

I, ROBERT REAGAN, being first duly sworn, make oath that I have read the foregoing Complaint, know the contents thereof, and that the same is true and correct to the best of my knowledge, information, and belief; that this Complaint is not made out of levity or by collusion, but in truth and sincerity, and for the causes mentioned therein; and that I am justly entitled to the relief sought.

Robert Reagan

Sworn to and subscribed before me this 11th day of May , 2007.

Notary Public
My commission expires Dec. 22, 2007

My Commission Expires: _____

## COST BOND

I, Robert Reagan, as Principal, and Burroughs Collins & Jabaley, PLC, as Surety, are held firmly bound unto the Clerk of the United States District Court for the Eastern District of Tennessee, Northern Division, Knoxville for the payment of costs awarded against the Principal. To that end, we bind ourselves, our heirs, executors, and administrators.

The Principal is commencing legal proceedings in the United States District Court for the Eastern District of Tennessee, Northern Division, Knoxville. If the Principal pays all costs that are adjudged against him, then this obligation is void. If the

17

Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal.

PRINCIPAL:

Robert Reagan

SURETY:

Ron C. Newcomb, Esq.
Attorney for Plaintiff
BURROUGHS, COLLINS, & JABALEY, PLC
900 South Gay Street
Suite 600 Riverview Tower
P.O. Box 551
Knoxville, Tennessee 37901-0551
(865)342-1040

18