# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT REAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-189 |
| | ) | (Phillips) |
| CITY OF KNOXVILLE, TENNESSEE; | ) | |
| SAM ANDERSON, in his official capacity; | ) | |
| BOB WHETSEL, in his official capacity; | ) | |
| VICKI HATFIELD, in her official capacity; | ) | |
| KNOXVILLE POLICE DEPARTMENT; | ) | |
| LT. RICK FERGUSON, in his official capacity; | ) | |
| GARY ANDERS, in his official capacity; | ) | |
| JIM MILLER, individually and in his official | ) | |
| capacity; GREG LADD, individually and in | ) | |
| his official capacity; JASON MCCARTER, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' various motions to dismiss: defendant Vicki Hatfield's motion to dismiss [Doc. 20], defendants City of Knoxville, Gary Anders, Sam Anderson, Rick Ferguson, and Bob Whetsel's motion to dismiss [Doc. 22], defendants Gary Anders, Sam Anderson, Rick Ferguson, and Bob Whetsel's motion to dismiss official capacity claims [Doc. 24], and defendants Greg Ladd and Jason McCarter's motion to dismiss for failure to state a claim [Doc. 28]. Plaintiff responded to the above motions [Docs. 34, 33, 38, and 36, respectively], and defendants replied [Docs. 44, 42, 43, and 45, respectively]. Subsequently, plaintiff filed an additional response to each reply brief [Docs. 51, 48, 50, and 49, respectively]. Defendants all

-1-

moved to strike these additional responses by plaintiff [Docs. 52, 54, 55, and 56].

Plaintiff has requested oral argument on these motions. After reviewing the extensive briefs submitted in support thereof, the court has determined that oral argument will not be necessary. The plaintiff's request for oral argument is therefore denied.

For the reasons that follow, defendants' motions to dismiss will be granted in part and denied in part.

**I.      BACKGROUND**

The facts as follows are taken from the amended complaint and construed in the light most favorable to plaintiff. Plaintiff is an employee of the City of Knoxville, Community and Neighborhood Services, Department of Public Service, Horticulture Division. On June 7, 2006, in the parking lot of the Lorraine Street facility operated by plaintiff's employer, defendant Jim Miller attacked plaintiff from behind and subsequently kneed him in his genital area. Plaintiff claims this is due to his gender. On June 8, 2006, at another location, Miller again attacked plaintiff, taunting and embarrassing him. Miller also incited fellow employees to taunt plaintiff as he attacked him. Finally, on June 13, 2006, Miller yet again attacked plaintiff, pinning him against a truck and simulating sexual acts on him. Embarrassed and hurt, plaintiff called his foreman, defendant Greg Ladd. When Ladd arrived at the work site, plaintiff informed Ladd that he was injured and needed to go to medical services. Plaintiff also called his crew leader, defendant Jason McCarter. McCarter allegedly called plaintiff a number of obscenities, but Ladd drove plaintiff to the hospital. On the way, however, Ladd intimidated plaintiff and encouraged him to falsify his Accident and Injury Report, threatening that if plaintiff told the truth, plaintiff and Miller would be fired for horseplay, as they were both on probation. Fearing discharge, plaintiff falsified a report to his physician.

After continuing to endure harassment, plaintiff contacted defendant Vicki Hatfield, Civil Service Director for the City of Knoxville, regarding these incidents. A formal investigation was conducted, and subsequently defendants Miller, Ladd, and McCarter all confessed to their wrongdoing. Plaintiff claims, however, that no further remedial action was taken. Miller was allowed to resign without adverse employment consequences, and McCarter and Ladd were suspended for one day and three days, respectively.

Plaintiff claims that he has been subjected to further discrimination and harassment by his co-workers due to these incidents and based on his gender. Plaintiff filed a complaint with the Equal Employment Opportunity Commission, and on February 20, 2007, the Commission issued a Notice of Right to Sue. Having exhausted his administrative remedies, on May 15, 2007, plaintiff initiated the instant action under Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act, and Tennessee common law.

Defendants Vicki Hatfield, the City of Knoxville, Gary Anders, Sam Anderson, Rick Ferguson, Bob Whetsel, Greg Ladd, and Jason McCarter now move to dismiss these claims [Docs. 20, 22, 24, and 28].

## II.  ANALYSIS

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting

*Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[T]he factual allegations must 'raise a right to relief above the speculative level.' " *CHG Transp., Inc. v. Quebecor World, Inc.*, No. 06-6399, 2008 App. LEXIS 938, at *4-5 (6th Cir. Jan. 8, 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

### A. Defendants' Motions to Strike

Plaintiff filed a supplemental response to each of defendants' reply briefs. Defendants all moved to strike these additional responses under Federal Rule of Civil Procedure 12(f) and Local Rule 7.1. Local Rule 7.1(a) sets forth the briefing schedule, which provides, "Unless the court notifies the parties to the contrary, briefing schedule for all motions shall be ... the opening brief ... the answering brief ... [and] any reply brief ...." Local Rule 7.1(d) states,

> No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the court, except that a party may file a supplemental brief of no more than five (5) pages to call to the court's attention developments occurring after a party's final brief is filed.

Because the court has not given prior approval and there are no new developments to which plaintiff calls the court's attention, plaintiff is prohibited from filing these supplemental responses. Accordingly, defendant's motions to strike [Docs. 52, 54, 55, and 56] are granted, and plaintiff's supplemental responses are stricken from the record.

### B. Title VII

Plaintiff alleges claims of discrimination, sexual harassment, and hostile work environment under Title VII. Title VII prohibits

> an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or ... to limit, segregate, or classify his employees ... in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as

an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a) (2006). The individual defendants move the court to dismiss plaintiff's Title VII claims, arguing that the claims against them are redundant because the City of Knoxville is a party and that plaintiff fails to allege the requisite elements of a Title VII/THRA claim. In that vein, Ladd and McCarter argue that the individual defendants do not satisfy the definition of "employer" under Title VII.

The City of Knoxville bases its argument on plaintiff's failure to allege the elements of a prima facie case under Title VII and the THRA.

> 1. *Title VII and Defendants Hatfield, Anders, Anderson, Ferguson, Whetsel, Ladd, and McCarter*

The court begins by noting that the defendants' redundancy arguments are without merit.[1] Nevertheless, the Title VII claims against the individual defendants, in both their official and

---

[1] The individual defendants allargue that *Kentucky v. Graham* supports their redundancy argument. *Kentucky v. Graham*, 473 U.S. 159 (1985). Defendants, however, grossly misquote and misstate the holding of *Graham*. In that case, the plaintiffs had prevailed against the defendants only in their individual capacities because the Commonwealth of Kentucky had been dismissed as immune under the Eleventh Amendment. *Id.* at 162. In deciding the issue of whether a party who prevailed against government officials in an *individual capacity only* was entitled to recover attorney's fees from the *governmental entity*, therefore, it was necessary for the Court to distinguish a suit against a person in his individual capacity and a suit against a person in his official capacity. Thus the Supreme Court stated, and defendants quote,

> Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

*Id.* at 165-66 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendants cite this proposition in support of dismissal of defendants in their official capacity where the state is named as a party because the suit is "redundant."

Yet defendants take this case entirely out of context. The Court merely stated the above to explain from where a plaintiff's judgment, if any, would issue. In the same paragraph, the Court went on to explain, "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* at 166.

individual capacities, must be dismissed, as they are not employers within the meaning of Title VII. In *Wathen v. General Electric Co.*, the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). The Sixth Circuit has repeatedly affirmed that mere supervisors may not be held liable individually. *E.g.*, *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) ("Title VII does not create individual liability for individuals in supervisory positions such as [defendant's]."); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 ("The law in this Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII."); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 ("Plaintiffs claims brought against [defendants] in their individual capacities under Title VII cannot go forward, however, because such claims can only proceed against individuals who otherwise qualify as employers, which Plaintiff does not allege."); *Morris v. Oldham County Fiscal Court*, 201 F.3d 84, 788 n.1 ("It should be noted that Likins and Black cannot be held individually liable under ... Title VII ...." (quoting *Wathen*, 115 F.3d at 405)).

Although the Sixth Circuit has declined to address the extent to which supervisors may be held liable in their official capacity, as plaintiff notes in his response briefs, "there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer." *Little*, 265 F.3d at 362 n.2. Such a showing requires plaintiff to demonstrate that the supervisor had "significant control over Plaintiff's hiring, firing and working conditions such that he could be considered the 'alter ego' of BP." *Id.* Yet contrary to plaintiff's contentions, the Sixth Circuit has declined to rule definitively whether such a rule applies, *see id.*, and even assuming *arguendo* that such rule applies, plaintiff has failed

to "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), because plaintiff never squarely alleges the requisite elements even were the Sixth Circuit to apply this rule. Accordingly, this court will decline to hold these defendants liable in their official capacities, particularly as the City of Knoxville is a defendant to this suit.

Because the City of Knoxville is the employer at issue in this case and the individual defendants were merely supervisors, this court must dismiss the Title VII claims against defendants Hatfield, Anders, Anderson, Ferguson, Whetsel, Ladd, and McCarter, as they are not "employers" within the Sixth Circuit's interpretation of Title VII. Accordingly, defendant Hatfield's motion to dismiss [Doc. 20], defendants City of Knoxville, Anders, Anderson, Ferguson, and Whetsel's motion to dismiss [Doc. 22], defendants Anders, Anderson, Ferguson, and Whetsel's motion to dismiss official capacity claims [Doc. 24], and defendants Ladd and McCarter's motion to dismiss [Doc. 28] are granted in part insofar as they pertain to plaintiff's Title VII claims against Hatfield, Anders, Anderson, Ferguson, Whetsel, Ladd, and McCarter.

2. *Title VII and the City of Knoxville*

With regard to the City of Knoxville, plaintiff alleges both discrimination based on his gender and a hostile work environment. The elements for each are as follows:

> In order to establish a *prima facie* case of sex discrimination under Title VII, a plaintiff must show (1) that he is a member of a protected class, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was treated differently than a similarly situated individual outside the protected class. *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). In order to bring a hostile work environment sexual harassment claim, a plaintiff must show the following: (1) the employee was a member of a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the charged sexual harassment created a hostile work environment; and (5) the existence fo employer liability. *Clark v. UPS*, 400 F.3d 341, 347 (6th Cir. 2005).

*Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006). At this early stage of the proceedings, the court simply does not have enough information to determine the motivations behind the alleged acts at issue, and plaintiff has certainly alleged facts that would establish the various other factors. Accordingly, dismissal of his Title VII claims against the City of Knoxville is not warranted at this time.

In sum, the individual defendants' motions [Docs. 20, 22, 24, and 28] are granted in part regarding plaintiff's Title VII claims both in their individual and official capacities. The City of Knoxville's motion to dismiss [Doc. 22] is denied in part under Title VII.

### B. Tennessee Human Rights Act

The Tennessee Human Rights Act ("THRA") "provide[s] for execution within Tennessee of the policies embodied in the federal civil rights statutes." *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006). "Accordingly, an analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act." *Id.* Because the court has found plaintiff has stated a claim under Title VII with regard to the City of Knoxville, the court likewise finds that plaintiff has stated a claim under the THRA against the City of Knoxville, and the City's motion to dismiss [Doc. 22] must be denied.

Although the THRA was enacted to mirror Title VII, and Tennessee courts have held that it is to be interpreted under the same standards, they differ in at least one important respect with regard to the individual defendants. Under the THRA, "[i]t is a discriminatory practice for two (2) or more persons to ... aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory" under the THRA. Tenn. Code Ann. § 4-21-301(2) (2007); *see Thompson v. City of Memphis*, 86 F. App'x 96, 103 (6th Cir. 2004) (citing *Carr v. UPS*, 955 S.W.2d

832, 836 (Tenn. 1997)). The court simply does not have enough information to determine whether any of the individual defendants has met this standard. Accordingly, the defendants' motions to dismiss [Docs. 20, 22, 24, and 28] with regard to the THRA claims must be denied.

The individual defendants' motions to dismiss [Docs. 20, 22, 24, and 28] are denied in part regarding plaintiff's claims under the THRA. The City of Knoxville's motion to dismiss [Doc. 22] is denied in part under both Title VII and the THRA.

**D. Intentional Torts**

Plaintiff also alleged the common law intentional torts of assault, battery, and intentional infliction of emotional distress against all defendants.

*1. City of Knoxville*

The Tennessee Government Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 to -408, provides in general that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." *Id.* § 29-20-201. Although negligent acts or omissions committed within the scope of employment are generally removed from such immunity, *id.* § 29-20-205, plaintiff has alleged only intentional torts. Accordingly, the City of Knoxville argues, it is immune from suit, and these claims must be dismissed against it.

This court agrees, and notes that plaintiff does not dispute the City's immunity [*see* Doc. 40 at 24-25]. Accordingly, the governmental entity, the City of Knoxville, is immune from intentional tort claims, and therefore plaintiff has failed to state a claim upon which relief can be granted. The City of Knoxville's motion to dismiss [Doc. 22] is granted with regard to plaintiff's intentional tort

claims.

### 2. *Individual Defendants*

Defendants Hatfield, Ladd, and McCarter argue that the intentional tort claims against them should be dismissed. All three defendants argue that plaintiff has failed to establish the requisite elements of these intentional torts; in addition, Hatfield argues that she is immune under the GTLA. Defendants Anders, Anderson, Ferguson, and Whetsel, however, do not seem to make any such argument. Rather, the motion and memorandum in support thereof in which they join the City of Knoxville only focuses on the City of Knoxville's immunity, and their motion to dismiss official capacity claims and memorandum in support thereof only focuses on plaintiff's allegations under Title VII and the THRA.

With regard to defendant Hatfield's arguments that she is immune, the definition of a governmental entity under the GTLA does not include its employees. *See id.* § 29-20-102(3). Accordingly, the City of Knoxville's immunity does not automatically dictate that the individual defendants are likewise immune. In support of her argument that she is immune, defendant Hatfield argues that " '[n]o claim may be brought against an employee or judgment entered against an employee for damages (or injury)' unless there is a claim for medical malpractice or willful or malicious acts." [Doc. 21 at 7 (quoting Tenn. Code Ann. § 29-20-310(b)]. Her reliance on section 29-20-310(b) and (c) , however, is wholly misplaced. Section 29-310(b) only pertains to suits for which the immunity of the governmental entity is removed, i.e., negligent acts in general. *Id.* § 29-310(b) ("No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter ...."). As the court discussed, however, the relevant governmental entity, the City of Knoxville, remains

immune for all three intentional torts alleged by the plaintiff. Furthermore, section 29-20-310(c) does not grant, as Hatfield argues, *complete* immunity to employees for intentional acts. Rather, section 29-20-310(c) only caps the amount of damages that may be received against an employee in suits where the governmental entity is immune, "unless the act or omission was willful, malicious, criminal, or performed for personal financial gain," in which case the damages simply are not capped. *Id.* § 29-20-310(c) ("No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of the employee's employment for which the governmental entity is immune *in any amount in excess of the amounts established* for governmental entities in § 29-20-403, unless the act or omission was willful, malicious, criminal, or performed for personal gain ...." (emphasis added)). Because the torts alleged are intentional, the governmental entity retains its immunity from suit, and claims of these sorts may be brought against the *employees*, with a potential capping of damages.

Finally, defendant Hatfield makes a last-ditch effort to argue that even if the GTLA does not provide immunity and plaintiff has stated a claim, plaintiff's intentional torts claims should be dismissed against her because they are redundant against the City of Knoxville. The court has already previously refuted these arguments and explained Hatfield's misconstruction of the cases upon which she relies for this argument. *See supra* p. 5 note 1.

Even though the individual defendants are not immune, plaintiff must state a claim to survive a motion to dismiss under Rule 12(b)(6). At this early stage in the proceedings the court simply does not have enough information to determine the extent to which the individual defendants were involved in the alleged tortious acts, nor does it have enough information to determine whether any damages for which those individual defendants are liable will be capped.

Accordingly, plaintiff's intentional tort claims are barred only against the governmental entity in this suit, namely, the City of Knoxville. The individual defendants do not enjoy such immunity, and construing the complaint in the light most favorable to the plaintiff and accepting factual allegations as true, plaintiff has indeed demonstrated a colorable claim. The City of Knoxville's motion to dismiss [Doc. 22] is therefore granted in part with regard to Count III of plaintiff's amended complaint, namely plaintiff's allegations of intentional torts. Defendant Hatfield's motion to dismiss [Doc. 20] and defendants Ladd and McCarter's motion to dismiss [Doc. 28] are denied in part with regard to plaintiff's claims for assault, battery, and intentional infliction of emotional distress. Likewise, because defendants Anders, Anderson, Ferguson, and Whetsel did not dispute plaintiff's individual tort claims either in their joint motion to dismiss with the City of Knoxville or in their motion to dismiss official capacity claims [Doc. 24], plaintiff's allegations of intentional torts remain.

## III. CONCLUSION

Because plaintiff violated the court's scheduling order and the local rules of this court, defendants' motions to strike [Docs. 52, 54, 55, and 56] are **GRANTED**. Accordingly, Docket Numbers 48, 49, 51, and 50 are **STRICKEN** from the record. Because a Title VII claim cannot lie against a government employee or supervisor in his individual or official capacity, defendant Hatfield's and defendants Ladd and McCarter's motions to dismiss [Docs. 20 and 28] are **GRANTED IN PART** with regard to the individual and official capacity claims under Title VII. Defendants Anders, Anderson, Ferguson, and Whetsel's motion to dismiss [Doc. 22] and motion to dismiss official capacity claims [Doc. 24] are **GRANTED IN PART** with regard to the Title VII. Plaintiff has, however, established a claim under Title VII at this early stage with regard to the City

of Knoxville, and therefore the City of Knoxville's motion to dismiss [Doc. 22] is **DENIED IN PART** with regard to Title VII. Because the Tennessee Human Rights Act is broader than Title VII in this regard, however, defendants' motions to dismiss [Docs. 20, 22, 24, and 28] are **DENIED IN PART** with regard to plaintiff's claims under the Tennessee Human Rights Act. Finally, defendants' motions to dismiss **[Doc. 20, 22, and 28]** are **DENIED IN PART** with regard to plaintiff's intentional torts claims of assault, battery, and intentional infliction of emotional distress. Plaintiff has stated a claim under these torts, and the Tennessee Governmental Tort Liability Act does not grant immunity to individuals for these intentional acts.

Accordingly, plaintiff's intentional tort law claims are **DISMISSED** as to the City of Knoxville. Plaintiff's claims under Title VII are **DISMISSED** as to defendants Hatfield, Anders, Anderson, Ferguson, Whetsel, Ladd, and McCarter. Plaintiff's claims under Title VII and the THRA against the City of Knoxville remain, as do plaintiff's intentional tort and THRA claims against defendants Hatfield, Anders, Anderson, Ferguson, Whetsel, Ladd, and McCarter.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge